CITY OF WHEELING v. JOHN J. D. PRESTON et al.

(No. 9174)

Submitted January 14, 1941. Decided February 4, 1941.

*Charles P. Mead* and *A. W. Petroplus,* for relator.
*John J. D. Preston* and *Alexander M. Mahood,* for respondents.

FOX, JUDGE:

On December 18, 1940, upon petition of the City of Wheeling, a municipal corporation, which owns and operates a water system serving its citizens and others, this Court awarded a rule directed to the members of the Public Service Commission of West Virginia, requiring them to appear on a day stated, and show cause why its mandate issued in the case of *Benwood and McMechen Water Company* v. *City of Wheeling,* following a decision rendered therein on June 20, 1939, (121 W. Va. 373, 4 S. E. [2d] 300) so far as the same required action by said Commission, should not be complied with, and why a

peremptory writ of mandamus should not issue compelling such action. The particular act sought by the City was the fixing of a date when the contractual relation for water service existing between the parties hereto should be terminated and services thereunder discontinued.

It is unnecessary to detail the long pending controversy between the water company and the City. That was done in the case cited above. The remand therein directed to the Commission was for a strictly limited purpose, and is clearly defined in the opinion filed and the order entered in that proceeding.

There is filed with the record now considered a transcript of the hearing held before the Public Service Commission on September 23 and 24, 1940, in the main case. In that hearing the Commission, in our opinion, went somewhat afield, and overlooked controlling elements of this Court's opinion as to the respective rights of the parties under the existing contract, and brought into it matters foreign to a determination of the legal rights of the parties thereunder. In paragraph 14 of its answer to the petition herein, the Commission apparently misinterprets the decision of this Court. In effect, we held that the relation existing between the City and the water company was not that of utility and customer, as to which the Commission would have had a clear right of regulation, but, to the contrary, a relationship based upon a contract not within the power of the Commission to construe, and which could only be interpreted by a court of competent jurisdiction. The Commission has refused to consider the relation of the water company as anything other than that of a customer of the city water department, and at the hearing stressed the point that under such relation the rates determined by the Commission as proper had been paid. The City was put at a disadvantage by the pressure brought to bear to induce it to agree to furnish water to the Benwood & McMechen Company on terms to be fixed by the Commission. It is conceded that any agreement which the parties may make with respect to the sale of water, and the price to be paid therefor,

must be approved by the Commission, but the refusal to approve an agreement would operate to leave the parties where they stood before the same was entered into, and is quite different from the proposition advanced which is nothing more or less than a dictation of terms. Let us here state what should be obvious: The dispute between the parties is one affecting rates, and it clearly would be to the interest of the parties and the public that a fair settlement of that question be reached; but neither the Commission nor this Court has the power to compel the City of Wheeling to sell water to the Benwood & McMechen Water Company, nor to compel the water company to purchase water from the City. The rights of the parties in that respect are mutual, and they are such rights as either party should feel free to assert without being placed in pillory for so doing. The difficulty in finding a satisfactory water supply for Benwood and Mc-Mechen, other than from the City of Wheeling, is obvious, and enlists our sympathetic understanding; but these difficulties, it is fair to say from the evidence, are not different from those encountered in 1927 when Wheeling first began to furnish water to Benwood and McMechen, and do not affect the legal rights of the parties as this Court has defined them. Suggestions that supposed powers of other governmental agencies to entail upon the city huge expenditures to reduce river pollution might be invoked, are not to be commended, where the circumstances are such as to justify any suspicion that an attempt is being made thereby to induce the surrender of a legal right.

This Court cannot expect agreement with its decisions in all cases, nor with the reasoning on which they may be based; but clothed as it is with power to pass finally upon questions within its jurisdiction, and properly submitted to it, other than those involving federal powers and restrictions, its mandates must be obeyed. Possessing inherent, as well as statutory powers, to enforce its decisions, this Court would be derelict in its duty if it did not invoke such power in proper cases. However, we now understand the position of the Commission to be

that its sole duty, under our order, is to fix a time when the existing contract between the parties hereto may be terminated; and that it only asks for the necessary time to investigate the methods to be employed in securing a new water supply for Benwood and McMechen. It contends that it must know the methods to be employed before it can fix the time necessary to put them into effect. We approve the position thus taken, and assume that it will be applied to the further proceedings in this case.

Under these circumstances we do not feel that we would be warranted in issuing the peremptory writ prayed for. That there has been undue delay in complying with the mandate of the Court is clear, but the fault does not rest wholly with the Public Service Commission. More vigorous action on the part of the City in the spring of 1940 would probably have resulted in a hearing at that time. When such hearing was held late in September, we think the action of the Commission in asking for an investigation and report by the state health department as to the availability of a water supply from the Ohio River was warranted, not because the result thereof could affect the legal rights of the parties, but to aid in a determination of whether the Ohio River could be considered as one of the sources of supply in question. The Commission could not control the time within which such investigation could be made and report thereof filed. That investigation was important, and the report was not filed until December 31, 1940, after the awarding of the rule herein. The Commission, having acted on sound lines in requesting the investigation, was entitled to delay final action on the main points submitted to it until the filing of the report. While we think the City of Wheeling has a clear legal right to have a date fixed when it may terminate its contract with the Benwood & McMechen Water Company and discontinue services thereunder, and that with reasonable promptness, the exact time when the Public Service Commission will fix such date depends upon circumstances, and may involve an exercise of discretion as to the time necessary to construct the plant determined to be necessary, this Court is not dis-

posed to interfere with such discretion at this time. However, it is fair to say that, from the record before us, there would seem to be no valid reason why there should be further delay in complying with the mandate in question. Our refusal of the writ rests, primarily, on the fact that at the date of issuing the rule the investigation ordered by the Commission had not been completed.

For the reasons above stated, the peremptory writ of mandamus will be denied without prejudice.

*Writ denied without prejudice.*